IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALVIN WESTLEY,                §
                                  §
          Plaintiff,        §
                                    §
VS.                        §    NO. 4:19-CV-207-P
                                  §
UNITED STATES OF AMERICA,    §
                                  §
          Defendant.      §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, United States of America, for summary judgment. The court, having considered the motion, the response of plaintiff, Alvin Westley, the reply, the record, and applicable authorities, finds that the motion should be granted.

BACKGROUND

On March 11, 2019, plaintiff filed his complaint in this action. Doc.[1] 1. The complaint is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA" or "Act"). Plaintiff seeks to recover damages for injuries he allegedly suffered while incarcerated at the Federal Medical Center Fort Worth, Texas ("FMC"), due to medical malpractice.

Plaintiff alleges: On November 4, 2004, he suffered a fracture to his right ankle/foot. Doc. 1, ¶ 9. He has undergone at least 14 different surgeries as a result. Id. ¶ 10. On October 18, 2017, while incarcerated at FMC, plaintiff underwent surgery at a local hospital. Id. ¶ 14. After several weeks, the surgeon informed plaintiff that the bones had fused sufficiently that he did not

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

have to worry and that he could start limited walking. Id. At that point, plaintiff started rehab with Mr. Church ("Church"), but, after a few sessions, had a disagreement with him. Id. ¶ 15. Plaintiff felt that Church was proceeding too fast and refused to continue rehab until he could be examined by the surgeon. Plaintiff was concerned that the fusion might have failed as he was experiencing a significant amount of pain and movement in his ankle. Id. On April 9, 2018, plaintiff sent an electronic request to a nurse to be seen by the surgeon, but never received a response.  Id. ¶ 16.  He then forwarded the same request to his doctor, who refused to order the consult because plaintiff had stopped going to rehab. Id. ¶ 17. Plaintiff forwarded the emails to the assistant warden, but did not receive a response. Id. On August 21, 2018, plaintiff submitted his claim under the FTCA. Id., attachment.

## GROUND OF THE MOTION

The government argues that plaintiff cannot demonstrate negligence, because he does not have an expert witness to establish the standard of care, breach of that standard of care, and causation for his damages. Doc. 29.

## APPLICABLE SUMMARY JUDGMENT PRINCIPLES

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim,

"since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

ANALYSIS

The FTCA gives federal courts jurisdiction over claims against the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Sheridan v. United States, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)). Because

3

plaintiff's alleged injuries occurred at FMC, Texas law applies. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

Texas law imposes on treating physicians a duty to exercise that degree of care which a general practitioner of ordinary prudence and skill, practicing in the community or similar community, would have exercised in the same or similar circumstances. Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of treatment is a matter of common knowledge or is within the experience of a lay person. Id., 523 F.3d at 601-02; Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is also required to establish that the breach proximately caused the harm suffered by the plaintiff. Guile v. United States, 422 F.3d 221, 225 (5th Cir. 2005); Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.—Corpus Christi 1989, writ denied).

Here, plaintiff alleges that he was harmed as a result of the government's failure to properly treat his ankle. He says that his ankle has not properly fused and that the "longer the problem is ignore[d] the more corrective surgery will be required to try and correct the problem." Doc. 1 at 5. These are not matters within the common knowledge or general experience of a lay person. Expert testimony is required. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990) (giving as examples of cases where expert testimony is not required operating on the wrong part of the body or leaving sponges within a body).

Plaintiff acknowledges that he needs an expert and requests that one be appointed for him. Doc. 39 at 11. However, the court has no authority to appoint an expert witness under 28 U.S.C. § 1915. <u>Pedraza v. Jones</u>, 71 F.3d 194, 196 (5th Cir. 1995). And, appointment of an expert under Rule 706 of the Federal Rules of Evidence would not be appropriate, since the expert is for plaintiff's own benefit rather than to aid the court. <u>Hannah</u>, 523 F.3d at 600-01 & n.2. Finally, even if the record showed that the government refused to provide medical care, and it does not, plaintiff would still need an expert to establish his case. The premise of his claims is that the fusion failed, which is not a matter within common knowledge. Nor would a lay person know that plaintiff's injuries were caused by the failure to provide additional care as opposed to plaintiff's own conduct in failing to participate in rehab as instructed. <u>See</u> <u>McGrath v. Brown</u>, 622 S.W.2d 647, 648 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.) (reversing medical malpractice verdict against doctor for failing to perform fusion when standard of care was not established by expert testimony).

ORDER

The court ORDERS that the government's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against the government; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED October 22, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5